John M. Kuker
Scott A. Homar
Jeffrey M. Boldt
L. Cooper Overstreet
THE KUKER GROUP LLP
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
www.kukergroup.com
*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUL 2 PM 4 23

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DONNA GEHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL No. 15-CV-87-S |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, and IGO OIL FIELD SERVICE, INC.,) | |
| aka IGO OIL FIELD SERVICES, INC., (Plan ) | |
| Administrator), ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff in the above referenced action, by and through her attorneys, Scott A. Homar and Jeffrey M. Boldt of The Kuker Group LLP, and for her claim against the above-name Defendants, states and alleges as follows:

### PARTIES AND PRINCIPLES TO THE ACTION

1. Plaintiff, Donna Geho, is currently a resident of Douglas, Wyoming.

2. At all times material to the facts alleged in this Complaint, Plaintiff was married to David Geho.

3. At all times material to the facts alleged in this Complaint, David Geho was employed by Defendant Igo Oil Field Service, Inc., aka Igo Oil Field Services, Inc (hereinafter

"Igo"). As such, David Geho was eligible to participate, and did participate, in the Employee Welfare Benefit Plan for employees of Igo (the "Plan"), which included, among other things, life insurance and accidental death and dismemberment benefits underwritten by Defendant **Life Insurance Company of North America**.

4. Plaintiff Donna Geho is the named beneficiary under the accidental death coverage provided by the Plan.

5. Defendant Igo is the administrator of Plan, and Igo is a Wyoming corporation.

6. Defendant **Life Insurance Company of North America** (hereinafter "LINA") is a Connecticut corporation.

7. At all times relevant to the facts alleged in this Complaint, the accidental death policy number GWL 691009 offered through the Plan to David Geho was in full force and effect. The accidental death benefit is $20,000.00.

8. The Plan was sponsored by Igo to provide eligible employees with health insurance, life insurance, and accidental death and dismemberment benefits. As such, the Plan is governed by the terms and provision of the Employers Retirement and Income Security Act of 1974 ("ERISA").

### JURISDICTION AND VENUE

9. Because the Plan is subject to the terms and the provisions of ERISA, this court has jurisdiction over the claims asserted by the Plaintiff pursuant to 29 U.S.C. §1132(e)(1).

10. Because the Plan, in part, was administered in this district and the breach of the Plan took place in this district, venue in this court is proper under 29 U.S.C. §1132(e)(2).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. On or about November 15, 2012, David Geho took a position with Igo. He received employee benefits, which included life insurance, and accidental death and dismemberment benefits, which are underwritten and insured by **LINA**.

12. At all times relevant to the facts alleged in this Complaint, David Geho was a beneficiary and participant of the Plan.

13. On September 18, 2012, David Geho was killed in a motor vehicle accident in Converse County, Wyoming. See, Exhibit 1.

14. On or about October 3, 2012, Plaintiff Donna Geho as a named beneficiary, filed a Proof of Loss seeking payment of the accidental death benefits on policy number GWL 691009 issued by **LINA** to David Geho under the Plan. See, Exhibit 2.

15. By letter dated December 17, 2012, **LINA** denied Plaintiff's claim. See, Exhibit 3.

16. Plaintiff timely appealed **LINA's** decision to deny her claim for accidental death benefits on policy number GWL 691009. See, Exhibit 4.

17. By letter dated May 8, 2013, **LINA** denied Plaintiff's appeal. See, Exhibit 5.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## ERISA *DE NOVO* REVIEW OF LINA'S DENIAL OF BENEFIT

18. Plaintiff re-alleges all facts set forth elsewhere in this Complaint as if fully set forth herein.

19. At all times material to the facts alleged in this Complaint, the accidental death and dismemberment benefits provided by the Plan offered by Igo, and insured by **LINA**, was subject to the terms and conditions of ERISA.

20. Plaintiff's Claim for Relief is asserted pursuant to the provisions of 29 U.S.C. §1132(a)(1)(B), which empowers plan beneficiaries of an employee benefit plan, including the Plaintiff, to recover benefits due her or to enforce his rights under the terms of the Plan.

21. Wyo. Stat. Ann. § 26-13-304 (West) requires *de novo* review of benefit denials and states in part:

> **Discretionary Clause Prohibited**
> \*\*\*\*
> (b) Any group policy, contract, certificate or agreement subject to the federal Employee Retirement Income Security Act and offered or issued in this state by a health carrier to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services and which contains a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract or to provide standards of interpretation or review shall contain the following language highlighted in bold in not less than twelve (12) point type:
>
>> This benefit plan contains a discretionary clause. Determinations made by (insurer name) pursuant to the discretionary clause do not prohibit or prevent a claimant from seeking judicial review in court of (insurer name's) decisions. By including this discretionary clause (insurer's name) agrees to allow a court to review its determinations anew when a claimant seeks judicial review of (insurer name's) determinations of eligibility of benefits, the payment of benefits or interpretations of the terms and conditions applicable to the benefit plan.
>
> (c) Any group policy, contract, certificate or agreement containing a discretionary clause as authorized in subsection (b) of this section shall contain a provision entitling any person denied benefits in whole or in part to have the determination reviewed de novo in any court with jurisdiction.

22. The **LINA** group Employee Welfare Benefit Plan for employees of Igo Oil Field Services, Inc., which includes the accidental death benefits claimed by Plaintiff, and which was issued to Plaintiff's deceased husband, does not comply with Wyo. Stat. § 26-13-304 and therefore the *de novo* review clause is deemed to be an enforceable provision within the Plan.

23. Plaintiff is entitled to *de novo* review of her adverse benefit determination.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### ERISA VIOLATION BY MEANS OF UNLAWFUL DENIAL OF BENEFITS

24. Plaintiff re-alleges all facts set forth elsewhere in this Complaint as if fully set forth herein.

25. At all times material to the facts alleged in this Complaint, the Plan offered by Igo and insured by **LINA** was subject to the terms and conditions of ERISA.

26. Plaintiff's Claim for Relief is asserted pursuant to the provisions of 29 U.S.C. §1132(a)(1)(B), which empowers the beneficiaries of an employee benefit plan, including the Plaintiff, to recover benefits due her or to enforce her rights under the terms of the Plan.

27. Plaintiff is a beneficiary of the accidental death benefits provided by the Plan underwritten by **LINA**.

28. After David Geho's death, Plaintiff timely filed a proper claim entitling her to receive the accidental death benefits provided by the Plan.

29. **LINA's** arbitrary and capricious denial of Plaintiff's claim was unwarranted, was in violation of applicable provisions of ERISA, and is a breach of the Plan's provisions.

30. Plaintiff has suffered damages as a direct and proximate result of **LINA's** unlawful denial of Plaintiff's claim.

31. Plaintiff is entitled to a money judgment against **LINA** in an amount equal to the Plan's accidental death benefits, plus pre-judgment interest.

32. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff is entitled to, among other things, an award of her attorneys' fees and costs.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

33. Plaintiff re-alleges all facts set forth elsewhere in this Complaint as if fully set forth herein.

34. Defendants are fiduciaries in this action as defined by 29 U.S.C. §1002(21)(A). As fiduciaries, Defendants shall discharge their fiduciary duties to the Plaintiff as set forth in 29 U.S.C. §1104(a) as follows:

> (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –
>
>> (A) for the exclusive purpose of:
>> (i) providing benefits to participants and their beneficiaries; and
>> (ii) defraying reasonable expenses of administering the plan;
>>
>> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

35. Defendants breached their fiduciary duty to the Plaintiff in the following ways:

   a. Defendants negligently or intentionally employed an arbitrary definition of "injury" which does not comport with industry standards;

   b. Defendants negligently or intentionally took liberties with the Policy language in their interpretation and application of the policy terms in this case.

   c. Defendants negligently or intentionally ignored controlling Tenth Circuit Court of Appeals case law which is directly on point, and according to which the Defendants' use of the term "injury" in its policy is ambiguous, and is not a legitimate basis for the denial of Plaintiff's claim.

36. Under the provisions of 29 U.S.C. § 1109 Defendants are liable for the denial of Plaintiff's claim, and all other damages and losses resulting therefrom.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff seeks *de novo* review of her ERISA appeal, and a bench trial for her claims against Defendants. Plaintiff prays for a monetary judgment equal to the benefits she is entitled to under the accidental death policy, pre-judgment interest, her costs in this matter, her reasonable attorney's fees as provided under 29 U.S.C. §1132(g)(1), appropriate equitable relief, to be determined at trial, as provided by 29 U.S.C. §1132(a)(3), and all other damages and remedies allowable under 29 U.S.C. §1001 *et. seq.*

**DATED** this 2nd day of July, 2015.

DONNA GEHO, *Plaintiff*

By: _____
Scott A. Homar, #6-3092
Jeffrey M. Boldt, #7-4730
THE KUKER GROUP LLP
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
www.kukergroup.com